```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

**ROGER CISCO,**

       **Plaintiff,**

**v.**                                   **Civil Action No. 2:12-739**

**NORFOLK SOUTHERN RAILWAY COMPANY,**

       **Defendant.**

## MEMORANDUM OPINION AND ORDER

**Pending is a motion by defendant Norfolk Southern Railway Company ("Norfolk") to dismiss the original complaint and for a more definite statement, filed April 16, 2012. Plaintiff Roger Cisco thereupon filed as of right his amended complaint on April 27, 2012.  The amended complaint thus supersedes the original complaint.  It is, accordingly, ORDERED that the motion to dismiss the original complaint and for a more definite statement be, and it hereby is, denied as moot.**

**Norfolk has since filed on May 10, 2012, its motion to dismiss the amended complaint, which motion is directed toward the amended complaint filed as of right by Cisco on April 27, 2012.  Cisco then filed on June 1, 2012, his motion to amend the April 27, 2012, amended complaint.**

I.

The amended complaint briefly discusses the factual bases for the claims alleged. In sum, Cisco was employed by Norfolk. He was injured by a third-party motorist when driving his personal vehicle while on duty for Norfolk at the time of the accident. The material allegations in Cisco's amended complaint state as follows:

> 8. On or about May 2, 2011, and for some time prior thereto, Plaintiff was employed by defendant, Norfolk[,] as a machine operator and on that date in the performance of his duties was caused to sustain the serious, permanent and painful personal injuries, more particularly hereinafter described when, while on duty and driving in a privately owned motor vehicle (POV) with other railroad employees conducting Defendants business, Plaintiff was involved in a motor vehicle collision at or near Route 119 in the area of the Victory Lane gas station, Mingo County, West Virginia, causing serious injury due to the negligence and carelessness of the defendant.
>
> 9. Among other things, Defendant failed to provide Plaintiff with a safe workplace in that the railroad required Plaintiff to use a POV to go from worksite to worksite to acquire unneeded and unnecessary equipment on the orders of superiors, failed to properly train plaintiff and his co-workers on safe driving/riding practices and failed to warn plaintiff and his coworkers of unsafe working conditions, some or all of which lead to the collision at issue when Plaintiff was distracted by his co-worker while driving the POV at issue.

(Am. Compl. ¶¶ 8-9). The amended complaint additionally includes the following allegation:

> The action arises under . . . "The Federal Employers'

>  Liability Act", and under "The Federal Safety
>  Appliance Act" ["FSA"] . . . and under "The Federal
>  Boiler Inspection Act" ["FBIA"] . . . .

(Am. Compl. ¶ 5). The amended complaint fails to allege that Norfolk is a common carrier by railroad engaged in interstate commerce.

Norfolk identifies a variety of deficiencies in the amended complaint, moving to dismiss it on the grounds that (1) Cisco has not pled Norfolk's common carrier railroad status, that it was engaged in interstate commerce, and that he was engaged in furthering such commerce when the injuries occurred, (2) the allegations of negligence are vague and conclusory and are "a 'reach' in an effort to find another pocketbook for recovery," (3) a third party was responsible for Cisco's injuries sustained while Cisco drove in his privately owned vehicle, and (4) the claims under the FSA and FBIA fail inasmuch as the circumstances surrounding the injury did not involve, as required by law, either a safety appliance on a railroad car or locomotive or a locomotive, tender, part or appurtenance.

Cisco responded to the motion to dismiss the amended complaint but additionally moved to file a second amended complaint. The proposed second amended complaint omits the FSA and FBIA claims and alleges the formerly missing common carrier

and interstate commerce information.  This would leave for adjudication only the FELA negligence claim.

Norfolk responded in opposition to the motion to file the second amended complaint.  It principally asserts that the proposed amendment is futile inasmuch as the proposed second amended complaint still fails to properly allege a FELA claim.

II.

A. Governing Standard

A pleading amendment may be denied when it represents a futile effort to revive a doomed claim.  See Sciolino v. Newport News, 480 F.3d 642, 651 (4th Cir. 2007)(noting "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.") (emphasis added).  A proposed amendment is futile "if . . . [it]  fails to satisfy the requirements of the federal rules," such as Rule 12(b)(6).  United States ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir.2008) (quoting United States ex rel. Fowler v. Caremark RX, LLC, 496 F.3d 730, 740 (7th Cir. 2007)).  The court thus analyzes the

proposed second amended complaint according to the standards found in Rules 8 and 12 of the Federal Rules of Civil Procedure.

Federal Rule of Civil Procedure 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing . . . entitle[ment] to relief." Fed. R. Civ. P. 8(a)(2); <u>Erickson v. Pardus</u>, 127 S. Ct. 2197, 2200 (2007). Rule 12(b)(6) correspondingly permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted . . . ." Fed. R. Civ. P. 12(b)(6).

The required "short and plain statement" must provide "'fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1964 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957), <u>overruled on other grounds</u>, <u>Twombly</u>, 127 S. Ct. at 1969)); <u>see also Anderson v. Sara Lee Corp.</u>, 508 F.3d 181, 188 (4th Cir. 2007). Additionally, the showing of an "entitlement to relief" amounts to "more than labels and conclusions . . . ." <u>Twombly</u>, 127 S. Ct. at 1965. It is now settled that "a formulaic recitation of the elements of a cause of action will not do." <u>Id.</u>; <u>Giarratano v. Johnson</u>, 521 F.3d 298, 304 (4th Cir. 2008).

The complaint need not, however, "make a case" against a defendant or even "forecast evidence sufficient to prove an element" of the claim. Chao v. Rivendell Woods, Inc., 415 F.3d 342, 349 (4th Cir. 2005) (quoting Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)). Instead, the opening pleading need only contain "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level." Twombly, 127 S. Ct. at 1965; Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)(noting the opening pleading "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). Stated another way, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Id. at 1974; Giarratano, 521 F.3d at 302. The recent decision in Iqbal provides some guidance concerning the plausibility requirement:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' "
>
> Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. . . . Determining whether a complaint states a plausible

6

>claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief."

Iqbal, 129 S. Ct. at 1949-50 (citations omitted).

As noted in Iqbal, the Supreme Court has consistently interpreted the Rule 12(b)(6) standard to require a district court to "'accept as true all of the factual allegations contained in the complaint . . . .'"  Erickson, 127 S. Ct. at 2200 (quoting Twombly, 127 S. Ct. at 1965); see also South Carolina Dept. of Health and Environmental Control v. Commerce and Industry Ins. Co., 372 F.3d 245, 255 (4th Cir. 2004) (quoting Franks v. Ross, 313 F.3d 184, 192 (4th Cir. 2002)).  The court is additionally required to "draw[] all reasonable . . . inferences from those facts in the plaintiff's favor . . . ." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999).

In order to apply these standards, one must ascertain the requisite elements of proof for the FELA claim.  The statutory source of the claim is 45 U.S.C. § 51.  Section 51 provides pertinently as follows:

>Every common carrier by railroad while engaging in commerce between any of the several States or Territories . . . shall be liable in damages to any person suffering injury while he is employed by such

> carrier in such commerce . . . for such injury . . . resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier . . . .

45 U.S.C. § 51. The elements of proof for a FELA claim are taken from the same jury instruction manual recently mentioned by the Supreme Court:

> First, that the defendant is a railroad engaged in interstate commerce;
>
> Second, that the plaintiff was an employee of the defendant in interstate commerce, acting in the course of his employment;
>
> Third, that the defendant or one of its employees or agents was negligent;
>
> and
>
> Fourth, that such negligence played a part, no matter how slight, in bringing about an injury to the plaintiff.

5 Hon. Leonard B. Sand et al., Modern Federal Jury Instructions § 89.02[1] (2012) (cited in CSX Transp., Inc. v. McBride, 131 S. Ct. 2630, 2643 (2011) (referencing the since-modified ¶ 89.02[1] as the then- "current model federal instruction").

Our court of appeals has noted "the 'judicially developed doctrine of liability granted to railroad workers by the FELA,' including its light burden of proof on negligence and causation." Estate of Larkins by Larkins v. Farrell Lines, Inc., 806 F.2d 510, 512 (4th Cir. 1986) (quoting in part Kernan v. American Dredging Co., 355 U.S. 426, 439 (1958)). It has

8

further observed that, in order "to further the remedial goals of the FELA, . . . the Supreme Court has relaxed the standard of causation by imposing employer liability whenever 'employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought.'" _Hernandez v. Trawler Miss Vertie Mae, Inc._, 187 F.3d 432, 436 (4th Cir. 1999)(quoting, _inter alia_, _Consolidated Rail Corp. v. Gottshall_, 512 U.S. 532, 43 (1994)).

The Supreme Court reiterated this approach just last term in the aforementioned _McBride_ case. _McBride_, 131 S. Ct. at 2643 (2011) ("'Under [FELA] the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought.'") (quoting _Rogers v. Missouri Pacific R. Co._, 352 U.S. 500, 506 (1957)).

The _McBride_ decision also observed as follows in discussing the general contours of FELA liability:

> "If a person has no reasonable ground to anticipate that a particular condition . . . would or might result in a mishap and injury, then the party is not required to do anything to correct [the] condition." If negligence is proved, however, and is shown to have "played any part, even the slightest, in producing the injury," then the carrier is answerable in damages even if "the extent of the [injury] or the manner in

> which it occurred" was not "[p]robable" or
> "foreseeable."

McBride, 131 S. Ct. at 2643 (footnote omitted). At the same time, as noted by our court of appeals in Hernandez, the Supreme Court in Gottshall "cautioned that the FELA . . . is not to be interpreted as a workers' compensation statute . . . ." Hernandez, 187 F.3d at 436-37.

B. Analysis

In summary, Cisco's proposed second amended complaint alleges that Norfolk is a common carrier by rail engaged in interstate commerce. He further states that he was acting in furtherance of that commerce at the time of his injuries. He also now alleges those injuries were caused by Norfolk's negligence. Despite occurrence of the accident while Cisco was operating his privately owned vehicle, he alleges that Norfolk required him to use the automobile for work purposes without training him and his co-workers "on safe driving/riding practices and fail[ing] to warn plaintiff and his coworkers of unsafe working conditions, some or all of which lead to the collision at issue . . . ." (Sec. Am. Compl. ¶ 10).

These allegations minimally suffice for purposes of avoiding a futility challenge. The court, accordingly, ORDERS

10

that Cisco's motion to amend the April 27, 2012, amended complaint, be, and it hereby is, granted.  It is further ORDERED that the second amended complaint be, and it hereby is, filed today.

In view of the filing of the second amended complaint, it is additionally ORDERED that Norfolk's motion to dismiss the amended complaint be, and it hereby is, denied without prejudice as being moot.  The court does not foreclose Norfolk from subsequently seeking relief pursuant to Rule 12 as it relates to the second amended complaint.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

                              ENTER: July 11, 2012

                              John T. Copenhaver, Jr.
                              United States District Judge