UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

ROGER CISCO,

    Plaintiff,

v.                                Civil Action No. 2:12-739
                                  (Lead Action)
NORFOLK SOUTHERN RAILWAY COMPANY,

    Defendant/Third Party Plaintiff,

v.

GEORGE DOTSON,

    Third Party Defendant.


CASEY STEVENS,

    Plaintiff,

v.                                Civil Action No. 2:12-740
                                (Consolidated Action)
NORFOLK SOUTHERN RAILWAY COMPANY,

    Defendant/Third Party Plaintiff,

v.

GEORGE DOTSON,

    Third Party Defendant.


<u>MEMORANDUM OPINION AND ORDER</u>

Pending are defendant Norfolk Southern Railway Company's ("Norfolk") motions for leave to file supplemental Rule 26(a)(2) expert disclosures, filed June 16, 2014, and to exclude the

supplemental expert opinions offered by Dr. Guy Fried or, in the alternative, to compel Dr. Fried's deposition ("motion to exclude"), filed July 15, 2014, and plaintiff Casey Stevens' motion for a protective order, filed July 25, 2014.[1]

## I. Governing Standards

The pending motions implicate two provisions of the Federal Rules of Civil Procedure, namely, Rules 16 and 26.  Rule 16(b) provides that "a schedule shall not be modified except upon a showing of good cause and by leave of the district judge."  Fed. R. Civ. P. 16(b)(4).  Thus, "after the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify" modifications thereto.  <u>Nourison Rug Corp. v. Parvizian</u>, 535 F.3d 295, 298 (4th Cir. 2008).  "Good cause" under Rule 16(b) is measured by the movant's diligence in attempting to comply with scheduling order deadlines.  <u>Sherman v. Winco Fireworks, Inc.</u>, 532 F.3d 709, 716 (8th Cir. 2008); <u>Kassner v. 2nd Ave. Delicatessen Inc.</u>, 496 F.3d 229, 243 (2d Cir. 2007); <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 607-08 (9th Cir. 1992).

---

[1] Also pending is plaintiffs' motion to file a surreply respecting the motion to exclude.  It is ORDERED that the motion to file a surreply be, and hereby is, granted, with the proposed surreply filed today.

Rule 26(c) governs the matter of discovery protective orders.  It provides pertinently as follows:

> The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (A) forbidding the disclosure or discovery

Fed. R. Civ. P. 26(c); <u>Nicholas v. Wyndham Intern., Inc.</u>, 373 F.3d 537, 543 (4th Cir. 2004); <u>Watson v. Lowcountry Red Cross</u>, 974 F.2d 482, 485 (4th Cir. 1992).

## II. Analysis

Regarding the motion for leave to file supplemental Rule 26(a)(2) expert disclosures, Norfolk asserts that it must guarantee the availability of its proposed experts, Dr. James Cosgrove and Dr. David Shraberg, in the event that the court allows the brain injury opinions offered by plaintiffs' expert, Dr. Fried.  Plaintiffs have not opposed the motion.  It is, accordingly, ORDERED that the motion for leave to file supplemental Rule 26(a)(2) expert disclosures be, and hereby is, granted.

Regarding the motion to exclude, Norfolk asserts that Dr. Fried filed on April 24, 2014, a supplemental expert report relating to plaintiff Casey Stevens.  Plaintiff Stevens' counsel,

3

however, has not cooperated in scheduling another deposition of Dr. Fried concerning his supplemented opinions. Norfolk thus requests exclusion of the supplemental opinions or, in the alternative, the opportunity to depose Dr. Fried about them.

Mr. Stevens responds that Norfolk has failed to demonstrate the good cause necessary to extend discovery to accommodate the proposed second deposition of Dr. Fried. Specifically, Mr. Stevens asserts as follows:

> Here, Norfolk . . . has failed to state any grounds constituting "good cause" for forcing Dr. Fried to be deposed a second time regarding his opinion in this case. . . .Dr. Fried's opinions . . . have never changed; Dr. Fried's supplemental report merely acknowledges, very briefly, that he maintains the same opinion regarding Plaintiff Stevens' injury as he did prior to production of certain discovery -- principally the deposition of Dr. Ali -- after the discovery deadline. . . .
>
> Further, Norfolk . . . has failed to state anything new in Dr. Fried's supplemental report that could possibly give rise to "good cause" for a second deposition at this too late hour. The essence of Dr. Fried's supplemental report is simply to acknowledge that he has reviewed the discovery that Norfolk . . . produced after the discovery deadline . . . .

(Resp. at 7-8).

It appears accurate that Dr. Fried earlier, namely, in his January 14 and December 27, 2013, reports, referenced an alleged brain injury suffered by Mr. Stevens. The supplemental expert report at issue presently, however, was filed much later,

on April 23, 2014, and Mr. Stevens concedes that the April 2014 report

> briefly clarifies his prior opinion (consistent with the Court's concerns regarding neuropsychological testing) and notes that he was able <u>to review additional materials from his prior opinions, principally the evidentiary deposition of Dr. Ali, which Norfolk . . . had been allowed to conduct after the close of discovery only two weeks earlier</u>.
>
> Specifically, Dr. Fried's supplemental report was prompted <u>by his opportunity to evaluate recently taken depositions</u> . . . .

(Surreply at 8 (emphasis added)).

The presence of a traumatic brain injury may impact heavily the question of damages if Norfolk is adjudicated negligent for Mr. Cisco's actions leading to the accident. Dr. Fried's renewed study of this area, and his elaboration upon it in light of recently taken discovery, is obviously a matter upon which he ought to be deposed anew pretrial. This is so if, for no other reason, it may help avoid late rising evidentiary challenges at trial that could be taken up pretrial instead.

Based upon the foregoing, the court finds that Norfolk has offered good cause to support a discovery extension for the purpose of deposing Dr. Fried concerning his recent report. It has not, however, shown sanctionable misconduct by Mr. Stevens that would support the fee and cost shift it urges. It is, accordingly, ORDERED that the motion to exclude be, and hereby is,

granted to the extent that Mr. Stevens is compelled to make Dr. Fried available for deposition on or before October 3, 2014, and otherwise denied.

Regarding the motion for a protective order, on June 25, 2014, Norfolk served upon Mr. Stevens' counsel a fourth set of requests for production of documents containing the following:

> For each social network computer site you have belonged to at any time from January 1, 2011 through the present, please produce your account data in the native electronic format (including the electronic download file) for the period of January 1, 2011 through the present. This Request, which includes photographs, messages, comments, posts and the like, relates to items placed on your account page or message inbox. This Request includes deleted items.

(Ex. 1, Mot. for Prot. Ord. at 2).

Norfolk offers the following basis for its request: "The requested social media activity information -- which is available in a matter of minutes with a few clicks -- is directly related to the claims of Plaintiff's expert Dr. . . . Fried that Stevens has suffered a traumatic brain injury which severely impacts his ability to function." (Resp. Br. at 2).

As noted, however, Norfolk knew as early as Dr. Fried's January 14, 2013, expert report that Mr. Stevens was thought by Dr. Fried to have suffered "a mild traumatic brain injury . . . [with] short memory loss." (Jan. 2013 Rep. at 7; see also Dec.

2013 Rep. at 2). The circumstances are thus dissimilar from those immediately above for which the court permitted a late deposition of Dr. Fried based upon his renewed study of the brain injury and his elaboration upon the effect of it in light of recently taken discovery. Once Norfolk knew of the opinion respecting a brain injury, in January of 2013 long before expiration of the discovery period, the matter of cognitive effects, and social media postings, was placed in issue. Its lack of diligence in pursuing the matter results in its concomitant inability to demonstrate good cause for extending the discovery deadline to accommodate its fourth request for production of documents.

It is, accordingly, ORDERED that the motion for a protective order be, and hereby is, granted. Mr. Stevens need not respond to the fourth request for production of documents.

The Clerk is directed to transmit copies of this written opinion and order to all counsel of record and any unrepresented parties.

DATED: September 19, 2014

John T. Copenhaver, Jr.
United States District Judge